UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Zhour Elotmani, | : |
| Plaintiff, | : |
| v. | : Civil Action No.: _____ |
| West Asset Management, Inc; and DOES 1-10, inclusive, | : |
| Defendants. | : |

## COMPLAINT

Plaintiff, Zhour Elotmani, seeks redress for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., and New York General Business Law § 349, *et. seq.*, by the Defendants and their agents in their illegal efforts to collect a consumer debt. Plaintiff, by way of this Complaint, states as follows:

## JURISDICTION AND VENUE

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and New York General Business Law § 349. Pursuant to 15 U.S.C. § 1692k(d), this Court has jurisdiction over actions arising out of violations of the FDCPA.

2. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy that is described herein.

1

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District, as Defendants transact business in this District and a substantial part of the events giving rise to this claim occurred in this District.

**PARTIES**

4. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

5. The Plaintiff, Zhour Elotmani ("Plaintiff"), is an adult individual residing in Queens, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. Defendant West Asset Management. ("West Asset"), is a Delaware foreign business corporation with a principal executive office located at 11808 Miracle Hills Drive, Omaha, Nebraska 68154. West Asset operates as a collection agency and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

7. DOES 1-10 (the "Collectors") are individuals employed by West Asset, whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8. At all times, West Asset acted by and through one or more of the Collectors.

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

9. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

10. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $416.93 (the "Debt") to T-Mobile (the "Creditor").

11. The alleged Debt arose from services provided by the Creditor, which were primarily for family, personal, or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

12. The alleged Debt was purchased, assigned, or transferred to West Asset for collection, or West Asset was employed by the Creditor to collect the alleged Debt.

13. The Defendants attempt to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**A. West Asset Engages in Harassment and Abuse**

14. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. The Defendants engaged in communications with Plaintiff the purpose of which was to collect a debt.

16. Upon information and belief, the aforementioned calls were made by agents and/or employees of West Asset (hereinafter "Collections Agent(s)").

17. Within the last year, Plaintiff received a call from West Asset, during which a Collections Agent left a message stating that he was calling from West Asset.

18. During the above-mentioned call, the Collections Agent failed to identify himself or West Asset as a debt collector.

19. On or about September 20, 2012, Plaintiff sent a certified letter to West Asset asking that all calls cease. The postal tracking number for this letter is : 7012 1010 0001 1743 7766.

20. According to U.S. Post Office records, the above-mentioned letter was received on September 24, 2012.

3

21. West Asset continued to place calls to Plaintiff after receiving the above-mentioned letter by the Plaintiff asking West Asset to cease calls.

22. West Asset provided Plaintiff with a letter dated October 30, 2012, which indicated that her account will be marked as disputed with credit reporting agencies.

23. Upon information and belief, West Asset reported negative account information to credit reporting agencies prior to informing the Plaintiff it would be doing so.

24. Upon information and belief, West Asset reported negative account information to credit reporting agencies before providing the Plaintiff an opportunity to dispute charges.

25. West Asset provided Plaintiff with a letter dated October 30, 2012, which indicated that her account was confirmed by T-Mobile. No verification or account statement was attached to this letter.

### B. **Plaintiff Suffered Actual Damages**

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

28. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

29. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in conduct the natural consequence of which was to harass, oppress, and abuse the Plaintiff.

32. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants' agent or employee failed to identify himself as a debt collector.

33. The Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants failed to properly cease communication with Plaintiff.

34. The Defendants' conduct violated 15 U.S.C. § 1692e(2)(A) in that Defendants misrepresented the character and legal status of the Debt.

35. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

36. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants failed to properly verify the Debt.

37. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

38. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT III
## VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349

39. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. New York General Business Law § 349 prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service" in the State of New York.

41. By acting as a debt collector, Defendants provide a "service" within the meaning of New York General Business Law § 349.

42. Defendants engaged in deceptive acts and practices in connection with the business and services it provided to the Plaintiff by: 1) calling the Plaintiff despite her requests that Defendants stop calling, 2) calling the Plaintiff while failing to disclose the calls were by debt collectors for the purposes of collecting a debt, 3) reporting negative information regarding Plaintiff to credit reporting agencies, and 4) failing to provide proper verification of the alleged debt.

43. The aforementioned acts by Defendants were deceptive and misleading in a material sense.

44. The aforementioned acts by Defendants caused injury to the Plaintiff.

45. By reason of the conduct alleged above, Defendants engaged in deceptive conduct in violation of New York General Business Law § 349.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages including, but not limited to, the emotional distress the Plaintiff has suffered and continues to suffer as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Actual and/or statutory damages pursuant to New York General Business Law § 349 against Defendants;

4. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

5. Such other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated:  November 12, 2012

                                           Respectfully submitted,

                                           By: .   /s/ Hashim Rahman     .

                                           Hashim Rahman, Esq.
                                           Rahman Legal
                                           155 Water Street
                                           Brooklyn, NY 11201
                                           hrahman@rahmanlegal.com
                                           Phone: (347) 433-6139
                                           Fax:    (347) 382-9457